{¶ 97} I concur with the majority's analysis and disposition of appellant's third and fourth assignments of error. However, while I concur with the majority's disposition of appellant's first and second assignments of error, I disagree with the majority's analysis.
 {¶ 98} At issue in appellant's first and second assignment of error is the admissibility of testimony concerning appellant's prior 1997 conviction for illegal use of a minor in nudity oriented material and pandering sexually oriented material involving a minor and whether or not appellant's conviction, which was based in part on such testimony, is against the manifest weight of the evidence.
 {¶ 99} The majority, in the case sub judice, finds that evidence of appellant's prior conviction was admissible pursuant to Evid. R. 404(B) "to demonstrate identity through plan or modus operandi." I disagree.
 {¶ 100} "Other acts forming a unique, identifiable plan of criminal activity are admissible to establish identity under Evid.R. 404(B)." State v. Jamison (1990), 49 Ohio St.3d 182,552 N.E.2d 180, syllabus. Furthermore, "`[o]ther acts' may be introduced to establish the identity of a perpetrator by showing that he has committed similar crimes and that a distinct, identifiable scheme, plan, or system was used in the commission of the charged offense." State v. Smith (1990),49 Ohio St.3d 137, 141, 551 N.E.2d 190.
 {¶ 101} In the case sub judice, appellant's prior conviction is not a unique enough type of behavior to constitute a "distinct, identifiable scheme, plan or system." I would find, therefore, that appellant's prior conviction was not admissible to prove identity.[1]
 {¶ 102} However, while I would find that appellant's prior conviction was inadmissible, I would find that the trial court's admission of testimony regarding the same was harmless since there was overwhelming evidence of appellant's guilt. In short, the outcome of appellant's trial would not have been different had testimony regarding appellant's prior conviction not been admitted. I would further find, with respect to appellant's first assignment of error, that appellant's conviction was not against the manifest weight of the evidence even without the evidence of appellant's prior conviction.
[1] The majority cites State v. Adkins (July 24, 2002), Morrow App. No. CA-906 in support of its conclusion that the trial court did not abuse its discretion in allowing in evidence of appellant's prior conviction. However, I find that such case is factually distinguishable.